[No. 19707. Department One. May 13, 1926.]

B. F. CUNNINGHAM, *Respondent,* v. A. H. ZANE *et al.,*
*Appellants.*[1]

[1] APPEAL (414)—REVIEW—VERDICT—CONCLUSIVENESS. A verdict
sustained by conflicting evidence cannot be disturbed on appeal.

[2] HUSBAND AND WIFE (94)—COMMUNITY CONTRACT—ACTIONS—JUDG-
MENT AGAINST WIFE. The wife is not personally liable upon a
community contract made by the husband.

Appeal from a judgment of the superior court for
Whatcom county, Hardin, J., entered June 22, 1925,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on contract. Reversed.

*Lester Whitmore,* for appellants.

*R. W. Greene,* for respondent.

FULLERTON, J.—The respondent, Cunningham, was
employed by the appellants, Zane, as the caretaker of
their farm, at a consideration of $60 per month. In this
action, he sought to recover a balance claimed to be due
for the services. There was a trial by jury and a ver-
dict returned in favor of the respondent, on which the
court, after making certain deductions with the con-
sent of the respondent, entered a judgment in his
favor.

[1] The principal question urged on the appeal is
that the evidence does not justify the verdict. But we
find substantial evidence in its support. A reading
of the evidence, it may be said, does without doubt
lead to the conclusion that the jury could well have
found for the other side, but, as the evidence was con-
flicting, the jury's verdict is conclusive on the question
of fact involved in so far as this court has the right to
inquire.

[1]Reported in 245 Pac. 913.

[2] The judgment entered ran against the appellant Isabell Zane personally. This was error. The contract was the contract of her husband, and she is liable to answer only to the extent of her interest in the community property possessed by the community composed of herself and her husband. She is not personally liable on the contract.

The judgment is reversed and the cause is remanded for the correction of the error noticed.

TOLMAN, C. J., HOLCOMB, MAIN, and PARKER, JJ., concur.